| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

RANDALL SOWELL, §
TDCJ 1464838, §
      Plaintiff, §
       §
v. §   CIVIL ACTION H-08-357
       §
OFFICER T. HERRERA, *et al.*, §
       §
      Defendants. §

# Opinion on Dismissal

    Randall Sowell filed a complaint for civil rights violations. 42 U.S.C. § 1983. He is proceeding as a pauper. 28 U.S.C. § 1915. Sowell is in a state jail. He sues Officer Herrera, Warden Benoit, and the Texas Department of Criminal Justice. Sowell claims racial slurs and threats. Sowell seeks the firing of the offending guard and compensatory damages for anguish, stress, and embarrassment.

    Under 42 U.S.C.§ 1997e, a prisoner must exhaust his administrative remedies before suing. *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998). Sowell admits he did not exhaust the TDCJ grievance procedures. Original Complaint, p. 3, ¶ III. This court should dismiss this case "for failure to state a claim, predicated on failure to exhaust, [because] the complaint itself makes clear that the prisoner failed to exhaust" his administrative remedies. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). Furthermore, Sowell does not allege any physical injury. Therefore, he cannot sustain a claim for damages based on mental and emotional harm. 42 U.S.C. § 1997e(e); *Harper v. Showers*, 174 F.3d 716, 719 n.5 (5h Cir. 1999).

    Sowell fails to state a claim recognized at law on the merits. The use of racial slurs in prison does not by itself violate the Constitution. *Morgan v. Ward*, 699 F.Supp. 1025, 1055 (N.D.N.Y., 1988) citing *Johnson v. Glick*, 481 F.2d 1028 (2d Cir. 1973). Sowell does not show racial discrimination. *Normand v. Research Institute of America, Inc.*, 927 F.2d 857, 864 n.3 (5th Cir. 1991)(isolated comments, without more, do not show discrimination in statutory discrimination case). Threatening language by a prison guard is not a constitutional violation. *Lynch v. Cannatella*, 810 F.2d 1363, 1376 (5th Cir.1987).

This case will be dismissed. The TDCJ will deduct 20% of each deposit made to Sowell's inmate account and pay this to the court regularly, when the account exceeds $10, until the TDCJ collects the $350 filing fee. The clerk will send a copy to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793and to the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Three-Strikes List, by regular mail or e-mail.

Signed February 7, 2008, at Houston, Texas.

_____
Lynn N. Hughes    USDJ
United States District Judge